UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL BUTLER,
and DYLAN JOHN EARICK,

Plaintiffs,

v.

ROBERT PICKELL, *et al.*,

Defendants.
_______________________________________/

Case No. 1:21-cv-10817
Honorable Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING PLAINTIFF BUTLER TO PROVIDE ADDITIONAL COPIES OF COMPLAINT**

This is a civil rights action brought by pro se plaintiffs Anthony Michael Butler and Dylan John Earick pursuant to 42 U.S.C. § 1983. When the case was filed in March 2021, Plaintiffs were pre-trial detainees confined in the Genesee County Jail in Flint, Michigan. On July 7, 2021, Plaintiff Butler was granted *in forma pauperis* status. ECF No. 5. Plaintiffs name as Defendants the current and former sheriffs of Genesee County, jail administrators, the Genesee County Sheriff's Department, and the County of Genesee. Plaintiffs allege that Defendants installed an audio and video surveillance system in the jail which has recorded Plaintiffs' confidential attorney-client meetings. Plaintiffs seek injunctive relief, money damages, and the dismissal of charges against them.

As explained below, Plaintiff Earick's Complaint will be dismissed without prejudice. Defendant Genesee County Sheriff's Department will be dismissed from the case. Plaintiff Butler's claims may proceed against all other Defendants, and he will be directed to provide copies of the Complaint to the Court so that Defendants may be served.

**I.**

Plaintiffs list as Defendants Former County Sheriff Robert Pickell, Current Sheriff Christopher Swanson, Undersheriff Michael Tocarchick, Captain Jason Gould, the Genesee County Sheriff's Department, and the County of Genesee in their official and individual capacities.

Plaintiffs allege Defendants are responsible for the installation of a new surveillance system which began recording in October 2017. ECF No. 1 at PageID.3. Cameras and microphones "were installed in areas where Attorney-client consultations regularly occur." *Id.* Plaintiffs assert that attorney-client meetings were recorded until at least February 2021, and that the recordings provided the prosecution access to "privileged consultations . . . [including] facts of the case and sensitive information such as trial strategy." *Id*.

Plaintiffs further allege that because the jail is a public facility, the recordings are subject to release under the Freedom of Information Act. *Id*. In support, Plaintiffs contend that a private citizen was able to obtain such records. *Id*. at PageID.7. They allege the existence of evidence associated with two attorney-client meetings in October 2020. *Id*. at PageID.5.

Plaintiffs seek $12,500,000 for each violation of their constitutional rights, totaling $100 million. ECF No. 1 at PageID.6. They also request injunctive relief against the Genesee County Jail, to "prevent[] further intrusion upon Attorney-client privileged communications." *Id*. Finally, Plaintiffs seek the dismissal of any charges against them for which they would have sought legal counsel between May 2019 and February 2021.

**II.**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

A pro se civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). And such a complaint "'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs*., 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)) (other citation omitted). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)).

**III.**

**A.**

Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), *abrogation on other grounds recognized by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017) (county sheriff's department is not a "person" subject to liability under § 1983); *Taghon v. Bailey*, No. 1:20-CV-373, 2020 WL 2315748, at *3 (W.D. Mich. May 11, 2020) (county is the proper party to sue, because sheriff is simply an agent of the county); *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (Roberts, J.).

Accordingly, the Complaint will be dismissed as to Defendant Genesee County Sheriff's Department.

**B.**

There are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even" when otherwise permitted by the Federal Rules of Civil Procedure. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, Case No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)). Problems arising from such litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*.

Further, "jail populations are notably transitory, making joint litigation difficult." *Id*.; *see also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action."). Other courts have pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor*, 661 F. Supp. 2d at 780 (citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id*.

Multiple-plaintiff prisoner litigation is also complicated by the requirement that each plaintiff pay the filing fee or file an application to proceed *in forma pauperis*. Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, in the Sixth Circuit, fees and costs are generally divided equally between the plaintiffs. *In Re Prison*

*Litigation Reform Act*, 105 F. 3d 1131, 1137–38.[1] The Sixth Circuit's approach "creates difficult problems of apportionment when some plaintiffs have funds in their trust accounts, others do not, and still others have 'struck out' under § 1915(g) and can no longer proceed *in forma pauperis*." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Furthermore, individual plaintiffs in multiple-plaintiff prisoner case may be prejudiced by other plaintiffs' delay or failure to correct deficiencies in their *in forma pauperis* applications or other filings. *See*, *e.g.*, *Calhoun v. Washington*, No. 21-10476, 2021 WL 1387782, at *2 (E.D. Mich. Apr. 13, 2021) (Cleland, J.); *Teague v. City of Flint*, No. 2:21-CV-10468, 2021 WL 1238130, at *2 (E.D. Mich. Apr. 2, 2021) (Steeh, J.). In the current case, Plaintiff Earick filed his inmate account history report but failed to file an application to proceed *in forma pauperis*. ECF No. 2.

The court can dismiss misjoined parties from an action, but misjoinder is generally not sufficient to dismiss an entire case. *See Proctor*, 661 F. Supp. 2d at 781 (citing Fed. R. Civ. P. 21). Thus, the best option available to the Court is to sever Plaintiff Butler's case from Plaintiff Earick's and dismiss Plaintiff Earick from the Complaint without prejudice. Earick may file his individual claims in a separate complaint.

---

[1] Although courts in this district rely on *In re PLRA* for the proportionate share rule, *see*, *e.g.*, *McLaurin v. Bagley*, No. CV 2:17-11263, 2017 WL 1738031, at *2 (E.D. Mich. May 4, 2017) (Roberts, J.) (citations omitted), other circuits require each prisoner in a multiple plaintiff action pay the entire amount of the filing fee rather than allocate proportionate shares. *See*, *e.g.*, *Hagan v. Rogers*, 570 F. 3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). District courts in the Sixth Circuit outside Michigan have also called the proportionate share convention into question. *See*, *e.g.*, *Montague v. Schofield*, No. 2:14-CV-292, 2015 WL 1879590, at *3 (E.D. Tenn. Apr. 22, 2015); *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005).

**C.**

Aside from the dismissal of Defendant Genesee County Sheriff's Department, which is not a proper party under § 1983, Plaintiff Butler's claims are not frivolous and the Complaint states at least one cognizable claim. "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403, (1998) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888)). The Court explained further that "[t]he privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Id*. (citing *Upjohn*, 449 U.S. at 389).

The Sixth Circuit has observed that "[i]t is well-settled that a chilling effect on one's constitutional rights constitutes a present injury in fact." *Muhammad v. Pitcher*, 35 F.3d 1081, 1084 (6th Cir. 1994) (citing *G & V Lounge v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1076 (6th Cir.1994); *NAACP v. Button*, 371 U.S. 415, 433 (1963)). The Second Circuit vacated a district court order when the lower court "failed to consider any chilling effect" that jail surveillance had on the plaintiffs' right to counsel. *Grubbs v. O'Neill*, 744 F. App'x 20, 23 (2d Cir. 2018) (citing *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974)).

Accordingly, service of the Complaint is appropriate. However, the Court may not, at this time, direct service of the Complaint because Plaintiff has failed to file with the Court a sufficient number of copies for service. *See* Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . must furnish the necessary copies to the person who makes service."). Plaintiff Butler will be ordered to provide the necessary copies.

**IV.**

Accordingly, it is **ORDERED** that Defendant Genesee County Sheriff's Department is **DISMISSED WITH PREJUDICE** as to all claims.

It is further **ORDERED** that Plaintiff Earick is **DISMISSED** from this action **WITHOUT PREJUDICE**. Plaintiff Earick may file an individual complaint provided that he includes both an application to proceed *in forma pauperis* and a copy of his inmate account history report.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to send to Plaintiff Butler one copy of the Complaint, including any exhibits, along with a copy of this Opinion and Order.

It is further **ORDERED** that Plaintiff Butler is **DIRECTED** to file with the Court one copy of his Complaint, including exhibits for each Defendant (five copies) within **30 days** of the entry of this Opinion and Order.

An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For that reason, leave to appeal *in forma pauperis* is **DENIED**.

Dated: August 12, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge