UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL BUTLER,

    Plaintiff,

v.

ROBERT PICKELL, CHRISTOPHER SWANSON, MICHAEL TOCARCHICK, JASON GOULD, and COUNTY OF GENESEE,

    Defendants.

Case No. 1:21-cv-10817
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 12)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Anthony Michael Butler, proceeding *pro se*, filed a complaint naming as defendants the current and former sheriffs of Genesee County, jail administrators, the Genesee County Sheriff's Department, and the County of Genesee.[1] He alleges that defendants installed an audio and video surveillance system in the jail which recorded his confidential attorney-client meetings. *See* ECF No. 1. Under 28

---

[1] Defendant Genesee County Sheriff's Department has been dismissed from the case. (ECF No. 8).

1

U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 15). Before the Court is Butler's motion for default judgment. (ECF No. 12). For the reasons that follow, it is RECOMMENDED that the motion be DENIED.

II.

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk's entry of default is "the first procedural step on the road to obtaining a default judgment." *Shephard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The second step is to file a motion for default judgment against the nonresponsive party under Federal Rule of Civil Procedure 55(b).

However, lawsuits from incarcerated individuals are governed, in part, by 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA). Subsection (g)(1) of that statute, entitled "Waiver of reply," states that "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility," that "such waiver shall not constitute an admission of the allegations contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." The exception to this is that under subsection (g)(2), a court may require a defendant to reply to a complaint.

However, the Court has not done so here. Moreover, this section has been interpreted to mean that an incarcerated plaintiff is not entitled to default judgment against properly served defendants who have not filed an answer or other response. *See Vontz v. Monroe*, No. 2:19-CV-12735, 2021 WL 5629046, at *1 (E.D. Mich. June 22, 2021), *report and recommendation adopted*, No. 219CV12735TGBKGA, 2021 WL 5587339 (E.D. Mich. Nov. 30, 2021); *Dye v. Hatton*, No. 17-10183, 2018 WL 3237228, at *1 (E.D. Mich. June 5, 2018), *report and recommendation adopted*, No. 17-CV-10183, 2018 WL 3219752 (E.D. Mich. July 2, 2018); *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

Further, even if default judgment were otherwise available to Butler, he is not entitled to a default judgment. Service of process is a prerequisite to entry of default under Rule 55. *See, e.g., Thomas v. Quantum Cmty. Dev. Corp.*, No. CV 16-11954, 2017 WL 4296404, at *2 (E.D. Mich. Aug. 24, 2017), *report and recommendation adopted*, No. 16-CV-11954, 2017 WL 4251826 (E.D. Mich. Sept. 26, 2017) (discussing that motion for default judgment prior to service was premature). Here, the Court's docket reflects only that service documents have been forwarded to the United States Marshal for service. (ECF No. 14). There is no indication on the docket that service has been completed.

In short, the PLRA does not permit a default judgment against defendants, and, alternatively Butler has not satisfied the requirements of Rule 55.

### III.

For the reasons stated above, the undersigned RECOMMENDS that Butler's motion for default judgment be DENIED.

Dated: December 15, 2021  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2021.

s/Carolyn M. Ciesla<br>
CAROLYN M. CIESLA<br>
Case Manager