UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL BUTLER,

      Plaintiff,                    Case No. 1:21-cv-10817
                                  District Judge Thomas L. Ludington
v.                                          Magistrate Judge Kimberly G. Altman

ROBERT PICKELL, CHRISTOPHER
SWANSON, MICHAEL TOCARCHICK,
JASON GOULD, and GENESEE
COUNTY,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 9)

### I.    Introduction

This is a prisoner civil rights case.  On March 31, 2021, Plaintiff Anthony

Michael Butler ("Butler") filed a *pro se* civil complaint under 42 U.S.C. § 1983.

Before the Court is Butler's motion for preliminary injunction (ECF No. 9)[1] which

has been referred to the undersigned under 28 U.S.C. § 636(b)(1).  For the reasons

discussed below, the undersigned RECOMMENDS that the motion be DENIED.

---

[1] Also pending before the Court is Defendants' motion for summary judgment.
(ECF No. 24).  That motion will be the subject of a forthcoming report and
recommendation.

II.    Factual and Procedural Background

On August 12, 2021, the Court, after performing an initial screening of the complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), dismissed Butler's co-plaintiff Dylan Earick without prejudice and dismissed defendant Genesee County Sheriff's Department with prejudice as to all claims.  (ECF No. 8, PageID.47). The Court summarized the facts contained in the complaint as follows:

> Plaintiffs allege Defendants are responsible for the installation of a new surveillance system which began recording in October 2017.  ECF No. 1 at PageID.3.  Cameras and microphones "were installed in areas where Attorney-client consultations regularly occur."  *Id*.  Plaintiffs assert that attorney-client meetings were recorded until at least February 2021, and that the recordings provided the prosecution access to "privileged consultations . . . [including] facts of the case and sensitive information such as trial strategy."  *Id*.
>
> Plaintiffs further allege that because the jail is a public facility, the recordings are subject to release under the Freedom of Information Act.  *Id*.  In support, Plaintiffs contend that a private citizen was able to obtain such records.  *Id*. at PageID.7.  They allege the existence of evidence associated with two attorney-client meetings in October 2020.  *Id*. at PageID.5.
>
> Plaintiffs seek $12,500,000 for each violation of their constitutional rights, totaling $100 million.  ECF No. 1 at PageID.6.  They also request injunctive relief against the Genesee County Jail, to "prevent[] further intrusion upon Attorney-client privileged communications."  *Id*.  Finally, Plaintiffs seek the dismissal of any charges against them for which they would have sought legal counsel between May 2019 and February 2021.

(*Id*., PageID.41).

2

At the time of the events at issue, Butler was a prisoner at the Genesee County Jail. He is currently a prison inmate in the custody of the Michigan Department of Corrections ("MDOC").

In his motion for preliminary injunction, Butler seeks a "restraining order" directing the parties to this suit to maintain a 1,000-foot distance from him; that the parties refrain from making any public comment about this case; that the defendants not "seek action in any matters until resolution of this matter;"[2] and that the Genesee County Sheriff's Office release him from custody. (ECF No. 9, PageID.49).

### III.    Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). A plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for

---

[2] While this request is not entirely clear, it appears that Butler is seeking to preclude the Jail authorities from imposing any disciplinary actions.

injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief; (3) whether granting the preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network*, 511 F.3d 540, 542 (6th Cir. 2007). "Mere injuries, however substantial, are not enough. Rather, 'the harm alleged must be both certain and immediate, rather than speculative or theoretical.'" *Hudson v. Caruso*, 748 F. Supp. 2d 721, 730 (W.D. Mich. 2010) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)). "This is because the preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Leary*, 228 F.3d at 739 (internal quotation marks and citation omitted, alteration in original).

## IV.    Analysis

Butler, a current MDOC prisoner, is no longer housed at the Genesee County Jail, nor is he in any way in the custody or under the supervision of Genesee County. A prisoner's claims for injunctive relief based on incidents occurring in one institution become moot once the prisoner is transferred to

4

another institution. *Kensu v. Haight*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003) (prisoner's claim for injunctive relief against prison officials became moot when he was transferred from the prison of which he complained to a different facility). Accordingly, Butler's request for injunctive relief pertaining to how the defendants interact with him at the Genesee County Jail should be denied as moot.

In addition, Butler's request for a restraining order prohibiting the defendants from making any public comment on the case is without merit. Where a party asks the Court to impose a prior restraint on speech protected by the First Amendment, there must be a showing "that there is: 1) a substantial probability that [the party's] right to a fair trial will be prejudiced by publicity that the Gag Order would prevent; and 2) there exists no reasonable alternative that will adequately protect the [party's] right to a fair trial." *Aaron v. Durrani*, No. 1:13-cv-202, 2013 WL 12121516, at *1 (S.D. Ohio Oct. 1, 2013) (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 14 (1986)). A court may regulate the speech, including speech of counsel, only where it poses a "substantial likelihood of material prejudice" to fair trial rights. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991). In *Gentile*, the Supreme Court noted that "[o]nly the occasional case presents a danger of prejudice from pretrial publicity." *Id.* at 1054-55. Moreover, "a conclusory representation that publicity might hamper a

defendant's right to a fair trial is insufficient to overcome the protections of the First Amendment." *United States v. Noriega*, 917 F.2d 1543, 1549 (11th Cir. 1990) (citing *Press-Enterprise*, 478 U.S. at 15 ("The First Amendment right of access cannot be overcome by the conclusory assertion that publicity might deprive the defendant of [the right to a fair trial].")).

Here, Butler has proffered no showing of any probability, much less a "substantial probability," that his right to a fair trial would be compromised unless the defendants or their attorneys are precluded from discussing the case. He has not suggested that the defendants have made any extrajudicial statements about the case, prejudicial or otherwise. His request is nothing more that a "conclusory assertion." It should also be noted that while this case is important to the parties, it will be unlikely to garner the kind of press attention given to a "high profile" case.

Butler has not shown or even alleged that he will suffer irreparable harm if his motion is not granted. Moreover, granting Butler's request for a "gag order" would infringe on the First Amendment rights of the defendants and their attorneys and would be contrary to the public interest in allowing the free flow of information. Because he has not carried his burden of showing his entitlement to the "extraordinary remedy" of a preliminary injunction, *Overstreet*, 305 F.3d at 573, his motion should be denied.

V. Conclusion

For these reasons, it is RECOMMENDED that Butler's Motion for

Preliminary Injunction (ECF No. 9) be DENIED.


Dated: May 2, 2022                          s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation. Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2022.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager