UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL BUTLER,

       Plaintiff,                        Case No. 1:21-cv-10817

v.                                          Honorable Thomas L. Ludington
                                           United States District Judge
ROBERT PICKELL, *et al.*,

                                           Honorable Kimberly G. Altman
       Defendants.                  United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION, (2) ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, (3) DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND PRELIMINARY INJUNCTION, AND (4) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

       This is a prisoner civil-rights action brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that Defendants violated his constitutional rights by recording his conversations with counsel. *Id.* at PageID.3. Magistrate Judge Kimberly G. Altman has filed reports and recommendations ("R&Rs") to (1) deny Plaintiff's motion for preliminary injunction, ECF No. 9; (2) deny Plaintiff's motion for default judgment, ECF No. 12; and (3) grant in part and deny in part Defendants' motion to dismiss, ECF No. 24. ECF Nos. 18; 31; 32. Plaintiff has objected to Judge Altman's R&R to deny his motion for default judgment, but not the other R&Rs. ECF No. 20. For reasons stated hereafter, Plaintiff's objections will be overruled, Judge Altman's R&Rs will be adopted, and all Plaintiff's claims will be dismissed except for his Fourth and Sixth Amendment claims.

**I.**

       Plaintiff Anthony Michael Butler is a state prisoner at the Genesee County Jail in Flint, Michigan. ECF No. 1. He alleges that, in October 2017, the Genesee County Jail installed cameras

and microphones in areas "where [a]ttorney-client consultations regularly occur." *Id.* at PageID.3. He claims that the jail recorded conversations between him and his attorney and then gave them to the prosecution. *Id.*

In March 2021, Plaintiff brought this *pro se* action against Genesee County, the Genesee County Sheriff's Department, and several Genesee County employees. *Id.* at PageID.2. He claims that by recording his conversations with counsel, Defendants violated his rights under the Fourth Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, as well as his rights under analogous provisions of the Michigan Constitution. *Id.* at PageID.6. Plaintiff has sought and received permission to proceed *in forma pauperis*. ECF Nos. 4; 5.

In August 2021, this Court summarily dismissed the Genesee County Sheriff's Department because it is not a legal entity amenable to suit. *Butler v. Pickell*, No. 1:21-CV-10817, 2021 WL 3566276, at *3 (E.D. Mich. Aug. 12, 2021). Yet before service could be directed on the remaining Defendants, Plaintiff filed a motion for preliminary injunction and a motion for default judgment. ECF Nos. 9; 12. Judge Altman recommended denying both Motions. ECF Nos. 18; 31. Plaintiff has objected to only the default-judgment R&R. ECF No. 20.

In December 2021, Magistrate Judge David R. Grand directed service on the remaining Defendants. ECF No. 13. Defendants appeared and filed a motion to dismiss for failure to state a claim.[1] ECF No. 24. Judge Altman recommends granting the motion except as to Plaintiff's Fourth and Sixth Amendment claims. ECF No. 32 at PageID.187, 193 (reasoning that Defendants' "alleged monitoring and recording of privileged conversations" plausibly violated the Fourth and

---

[1] The Clerk's Office labeled Defendants' motion a "motion for summary judgment," but the motion was filed under Rule 12(b)(6). *See* ECF No. 24.

Sixth Amendments). More than two months have passed since Judge Altman entered that R&R, and neither side has objected.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to decide the pending issues on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). And they cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing that evidence, this Court may accept, reject, or modify the magistrate judge's findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

"[T]he failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (first citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); then citing *Thomas v. Arn*, 474 U.S. 140, 155, (1985)).

### III.

#### A.

Judge Altman recommends denying Plaintiff's motion for default judgment because (1) Plaintiff, as a prisoner seeking relief under § 1983, may not obtain default judgment due to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e *et seq.*, and (2) even if Plaintiff could obtain default judgment, Defendants had not been served when he filed his motion, *see* ECF No. 18 at PageID.80–81. Plaintiff claims that this rationale violates his Fourteenth Amendment rights to due process and equal protection. ECF No. 20 at PageID.90–93. Plaintiff's argument will be rejected.

As Judge Altman correctly notes, under the PLRA, defendants "may waive the right to reply to any action brought by a prisoner" and need not reply unless ordered to do so by the court. ECF No. 18 at PageID.80 (quoting 42 U.S.C. § 1997e(g)(1)); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007) ("[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint."). And because the PLRA provides that "no relief shall be granted . . . unless a reply has been filed," 42 U.S.C. § 1997e(g)(1), prisoners are essentially foreclosed from obtaining a default judgment under the PLRA, *see Searcy v. Macomb Cnty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (collecting cases), *report and recommendation adopted*, No. 2:10-CV-11242, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

Plaintiff contends that this scheme is unconstitutional because it is "arbitrary" and not "even handed." ECF No. 20 at PageID.92 (citing *Marchant v. Pennsylvania R. Co.*, 153 U.S. 380, 386 (1894)). But "prisoners are not members of a protected class for equal protection purposes,"

*McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003) (unpublished) (citing *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997)), so Congress may treat them differently as long as it has a "rational basis" for doing so, *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (citing *United States v. Kras*, 409 U.S. 434, 446 (1973)). And, as the Sixth Circuit observed in a similar case, "[d]eterring frivolous prisoner filings in the federal courts falls within the realm of Congress's legitimate interests." *Wilson*, 148 F.3d at 604 (quoting *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir.1997)) (holding that 28 U.S.C. § 1915(g)'s three-strike rule did not violate Equal Protection Clause). Plaintiff might believe that § 1997e(g)(1) is unfair or unwise, but Congress undoubtedly had a "rational basis" for enacting it. *See id.*

Further, even if Plaintiff could seek default judgment, there is no evidence that Defendants had been served when Plaintiff filed his motion. *See* ECF No. 18 at PageID.81. "Service of process is," as Judge Altman explains, "a *prerequisite* to entry of default under Rule 55." *Id.* (emphasis added) (collecting cases). Plaintiff has not offered any authority to the contrary nor explained why he believes that Defendants were in default. *See generally* ECF No. 20.

For these reasons, Plaintiff's objection to Judge Altman's R&R to deny his Motion for default judgment will be overruled.

### B.

Judge Altman also recommends that Plaintiff's motion for preliminary injunction be denied, and that Defendants' motion to dismiss be granted in part and denied in part. ECF Nos. 31; 32. Despite being informed of their right to do so, neither side has objected. Therefore, the parties have waived their right to seek further review, and Judge Altman's R&Rs will be adopted. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

## IV.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Objection to Magistrate Judge Kimberly G. Altman's Report and Recommendation, ECF No. 20, is **OVERRULED**.

2. Judge Altman's Reports and Recommendations to (1) deny Plaintiff's Motion for Default Judgment, (2) deny Plaintiff's Motion for Preliminary Injunction, and (3) grant in part and deny in part Defendants' Motion to Dismiss, are **ADOPTED**.

3. Plaintiff's Motion for Preliminary Injunction, ECF No. 9 is **DENIED.**

4. Plaintiff's Motion for Default Judgment, ECF No. 12, is **DENIED**.

5. Defendants' Motion to Dismiss, ECF No. 24, is **GRANTED IN PART AND DENIED IN PART**.

    a. Defendants' Motion is **DENIED** as to Plaintiff's Fourth and Sixth Amendment claims.

    b. Defendants' Motion is **GRANTED** in all other respects.

**This is not a final order and does not close the case**.


Dated: July 20, 2022                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge